IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00832-ZLW

VICTOR BOOTY,

    Plaintiff,

v.

COLORADO DEPARTMENT OF FEDERAL CORRECTIONAL INSTITUTION (F.C.I.),

    Defendant.

FILED
UNITED STATES DISTRICT COURT
COLORADO

AUG 2 4 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Victor Booty has filed *pro se* on August 16, 2006, a "Motion to Reconsider Judgment of Dismissal for Failure to Pay Initial Filing Fee" and an "Application to Proceed In Forma Pauperis." Mr. Booty asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on June 21, 2006. The Court must construe the motions liberally because Mr. Booty is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Booty's motion to reconsider in this action, which was filed more than ten days after the Court's June 21, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Booty failed either to pay the designated initial partial filing fee or to submit a certified copy of his inmate trust fund account statement to demonstrate that he was unable to pay the initial partial filing fee. In the motion to reconsider Mr. Booty alleges that he diligently attempted to obtain a certified copy of his inmate trust fund account statement but was unable to do so.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Booty fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action. Even if Mr. Booty was unable to obtain a certified copy of his inmate trust fund account statement, he fails to explain why he did not request an extension of time or even inform the Court that he was unable to obtain the necessary account statement before the Court dismissed this action. Therefore, the motion to reconsider will be denied. Mr. Booty is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Motion to Reconsider Judgment of Dismissal for Failure to Pay Initial Filing Fee" and the "Application to Proceed In Forma Pauperis" filed on August 16, 2006, are denied.

DATED at Denver, Colorado, this 23 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**AMENDED CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00832-BNB

Victor Booty
Prisoner No. 1360846
The Estelle Unit. Ellis II
264. FM. 3478
Huntsvile, TX 77320

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8/24/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk